**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**OXFORD DIVISION**

| | |
|---|---|
| SHELBY COUNTY HEALTH CARE CORPORATION | PLAINTIFF |
| V. | CAUSE NO. 3:13-CV-00245-SA-SAA |
| GENESIS FURNITURE INDUSTRIES, INC. | DEFENDANT |
| V. | |
| ASSURECARE RISK MANAGEMENT, INC. | THIRD-PARTY DEFENDANT |

## MEMORANDUM OPINION

Plaintiff Shelby County Health Care Corporation ("SCHCC") initiated this action under the Employee Retirement Income Security Act ("ERISA") to recover payment for services provided to a member of the ERISA Plan of Defendant Genesis Furniture Industries, Inc. Plaintiff has filed a Motion for Summary Judgment on the Administrative Record [32] against Genesis. Upon consideration of the motion, responses, rules, and authorities, the Court finds as follows:

*Factual and Procedural Background*

Genesis is the primary administrator of its self-funded Employee Health and Welfare Benefit Plan. Genesis contracts out its administrative duties to a third party, Assurecare Risk Management, Inc. Daniel Clark, whose father is a former Genesis employee, was a beneficiary under the Plan in 2010. That year, Clark received trauma care from SCHCC over the course of three months. On the first day of his treatment, a person identified as Clark's mother signed a document on his behalf, purporting to consent to an assignment of insurance benefits to SCHCC.

In 2012, a separate assignment document was executed with regard to the same treatment, signed by both Clark and his father.

In September 2010, Genesis received a claim on behalf of Clark, in which SCHCC requested payment for the services it rendered. According to the administrative records, instead of disbursing payment, the Plan administrator sent several letters to Clark requesting supplemental information regarding his claim. There is no evidence that Clark ever provided the requested information, and as a result, the administrative phone log reflects that the claim was "pending for account information" for more than a year. Ultimately, according to the phone log, the administrator considered Clark's claim "past timely filing" in December of 2011, but there is no evidence that the administrator ever issued a formal denial letter to Clark or to SCHCC.

In October 2013, SCHCC commenced this lawsuit against Genesis.[1] In the pending motion, SCHCC requests that the Court find Genesis liable pursuant to Section 502 of ERISA for benefits Genesis allegedly owes and assess a statutory penalty based on an alleged failure to provide a copy of the Plan description to SCHCC.[2]

*Discussion & Analysis*

<u>Standing</u>

Before proceeding to the merits, the Court must address the jurisdictional issue of SCHCC's standing. See <u>LeTourneau Lifelike Orthotics & Prosthetics, Inc. v. Wal-Mart Stores</u>, 298 F.3d 348, 350-51 (5th Cir. 2002). Under Section 502(a)(1) of ERISA, enumerated parties

---

[1] Genesis filed a third party complaint against Assurecare, and the clerk issued an entry of default against it pursuant to Federal Rule of Civil Procedure 55(a) for failing to plead or otherwise defend. Genesis has not moved for a default judgment against Assurecare.

[2] In its response to the pending motion, Genesis urges the Court to grant summary judgment in its favor. This is not a proper request for relief. See L.U.Civ.R. 7(b) ("Any written communication with the court that is intended to be an application for relief or other action by the court must be presented by a motion in the form prescribed by this Rule."); L.U.Civ.R. 7(b)(3)(C) ("A response to a motion may not include a counter-motion in the same document. Any motion must be an item docketed separately from a response.").

who are entitled to bring suit to recover benefits are (1) Plan participants and (2) Plan beneficiaries. Yet, the Fifth Circuit has held that a hospital like SCHCC, though not a participant or beneficiary, may nonetheless derive the standing to pursue benefits through a valid assignment from a participant or beneficiary. Tango Transport v. Healthcare Fin. Servs., 322 F.3d 888, 891 (5th Cir. 2003) (citations omitted). This is because, with the exception of pension rights, benefits are freely assignable under ERISA. Id. Thus, if the assignment from Clark, a Plan beneficiary, is valid, then SCHCC will possess the requisite derivative standing. See Hermann Hosp. v. MEBA Med. & Benefits Plan, 959 F.2d 569, 574-75 (5th Cir. 1992), overruled on other grounds by Access Mediquip, LLC v. UnitedHealthcare Ins. Co., 698 F.3d 229 (5th Cir. 2012).

> Genesis directs the Court to a non-assignment clause contained in the Plan, which reads:
>
> No covered Employee or Dependent may, at any time, either while covered under the Plan or following termination of coverage, assign his right to sue to recover benefits under the Plan, or enforce rights due under the Plan or any other causes of action which he may have against the Plan or its fiduciaries.

Genesis Plan Doc. 29. The Fifth Circuit has explained that generally, such a non-assignment clause is effective and will operate to render a purported assignment invalid. LeTourneau, 298 F.3d at 352-53. This is premised on the "well-settled principle" that through the passage of ERISA, Congress intended employers and employees to retain contractual freedom over employee-benefit plans. Id. at 352.

However, courts have recognized exceptions to the applicability of a Plan's non-assignment clause. Hermann Hosp., 959 F.2d at 575. Under one of these exceptions—the doctrine of estoppel—the Fifth Circuit has held that an "ERISA Plan was estopped from enforcing its [non]-assignment clause because of the Plan's protracted failure to assert [non]-assignment when the hospital requested payment under an assignment of payment provision for

covered benefits." LeTourneau, 298 F.3d at 351 (citing Hermann Hosp., 959 F.2d at 575). Thus, a delay by Genesis in raising the non-assignment clause could equitably estop its enforcement.

According to the aforementioned phone log, the administrator received SCHCC's interim claim for payment on September 23, 2010.[3] Over two years later, on September 27, 2012, SCHCC delivered copies of Clark's assignment documents by certified mail to the administrator. Nothing in the record indicates that Genesis objected to SCHCC's claim for benefits on the basis of the non-assignment clause until Genesis filed its response in opposition to the current motion on September 12, 2014.

The Fifth Circuit held in Hermann Hosp. that a three-year delay estopped the Plan from raising the non-assignment clause as a defense to liability. 959 F.2d at 574. It is unclear, though, whether the clock for estoppel began to run when "the hospital first requested payment" or when it became clear that the hospital "was relying on that assignment as its entitlement to recover payment" because both events apparently coincided in that case. Id. at 574-75. If the relevant time period began at the initial payment request, Genesis' delay in raising the non-assignment clause would be just over four years. On the other hand, if the time period began when SCHCC notified Genesis of the assignment, the delay would be just over two years.

Regardless of the relevant time period, additional facts here militate against enforcing the non-assignment clause. In paragraph four of Defendant's Answer [5], Genesis describes Clark as "Plaintiff's Assignor of insurance benefits." And although Genesis generally denies the validity of the assignment in paragraph five of its Answer [5], conspicuously absent is any mention of the Plan's non-assignment clause. In other words, in the very pleading in which Genesis contests liability, it does not raise the non-assignment clause as a defense.

---

[3] Neither party contests the authenticity or admissibility of the administrative phone log.

In light of these circumstances and the Fifth Circuit's holding in Hermann Hosp., the Court finds that Genesis is equitably estopped from raising the non-assignment clause as a preclusive defense at this late stage. Accordingly, the Court concludes that Clark's assignment to SCHCC is effective, that SCHCC has derivative standing, and that the Court has jurisdiction over this matter.

Procedural Challenge

Having resolved the jurisdictional question, the Court now proceeds to the merits of the present motion. In pursuing its claim for benefits under Section 502 of ERISA, SCHCC first argues that Genesis did not render an eligibility determination and thereby failed to comply with the procedural obligations imposed by ERISA. Pursuant to Section 503 and the regulations promulgated thereunder, Plan beneficiaries are entitled to receive "adequate notice in writing" that benefits have been denied to ensure "a reasonable opportunity . . . for a full and fair review." 29 U.S.C. § 1133. Challenges to the sufficiency of Plan procedures are reviewed for substantial compliance. Cooper v. Hewlett-Packard Co., 592 F.3d 645, 652 (5th Cir. 2009) (citing Robinson v. Aetna Life Ins. Co., 443 F.3d 389, 392 (5th Cir. 2006)). The substantial compliance standard excuses "[t]echnical noncompliance with ERISA procedures . . . so long as the purposes of section [503] have been fulfilled." Robinson, 443 F.3d at 393 (internal quotation marks and citation omitted).

Under both the Plan document and ERISA regulations, after a claim is filed, the administrator must make a benefit determination within thirty days. Genesis Plan Doc. 30; 29 C.F.R. § 2560.503—1(f)(2). The claim at issue was filed on September 23, 2010, and thus the administrator was required to issue a decision by or before October 23, 2010. There is no evidence that a decision was reached by this time, and indeed, a phone log entry dated November

8, 2010 indicates that the administrator was still waiting to receive the requested information before reaching a decision.

Genesis argues the time period for issuing a benefit decision was tolled in accordance with its Plan terms. Indeed, under both the terms of the Plan and the ERISA regulations, the time period for rendering a benefit determination may be tolled for claims that lack necessary information *if* the administrator provides the participant or beneficiary with notice that (1) "specifically describes the required information[,]" (2) sets forth "the circumstances requiring the extension of time[,]" and (3) includes "the date by which the plan expects to render a decision." Genesis Plan Doc. 30; 29 C.F.R. § 2560.503—1(f)(2).

To that end, Genesis has submitted a screen print of letters allegedly sent to Clark, in which the administrator purportedly requested Clark to provide a copy of a divorce decree identifying his custodial parent, along with details about the injury giving rise to Clark's medical care. Notwithstanding concerns over whether Clark was actually sent these letters, the screen print neither sets forth the circumstances requiring a time extension, nor includes the date by which the Plan expected to reach and render a decision. Thus, while Clark may have been issued a notice specifying the requested information, the notice failed to comply with the second and third requirements for an effective tolling under the Plan terms and the ERISA regulations. Accordingly, the Court finds that the failure to render a decision within the required time constituted a procedural failure.

On a more fundamental level, Genesis' ultimate obligation under Section 503(a) of ERISA is to "provide adequate notice in writing to any participant or beneficiary whose claim for benefits under the plan has been denied, setting forth the specific reasons for such denial, written in a manner calculated to be understood by the participant . . . ." 29 U.S.C. § 1133(a).

The phone log here reflects that the administrator finally closed the claim for benefits on December 2011 for "failure to provide requested information" and considered any future claim on Clark's behalf to be untimely. But there is no evidence that a coverage decision was ever issued or even reached. In other words, the record establishes that payment was withheld *because* the administrator did not receive the information requested, but it does not establish *why* the information was necessary or even significant under the substantive terms of the Plan. If the administrator determined that lack of information constituted a failure to demonstrate an entitlement to coverage, this determination should have been established and documented through the issuance of a formal denial letter. Id.; 29 CFR § 2560.503—1(g). But the administrative record here contains no denial letter or any other documentation evincing such a determination.

Therefore, not only did the administrator fail to render a timely decision in accordance with the Plan terms and ERISA regulations, but there is no evidence that Clark or SCHCC ever received a decision on the merits of the claim, as is required. See 29 U.S.C. § 1133(a). Accordingly, the Court concludes that Genesis, as Plan sponsor and primary administrator, failed to substantially comply with its procedural obligations.

Standard of Review and Appropriate Remedy

SCHCC argues this substantial procedural failure entitles it to a summary award of benefits. The Fifth Circuit has held that summary judgment for an ERISA plaintiff is appropriate when the "record establishes that the plan administrator's denial of the claim was an abuse of discretion as a matter of law."[4] Lafleur v. La. Health Serv. & Indem. Co., 563 F.3d 148, 158 (5th Cir. 2009) (quotation and citation omitted). Generally speaking, the administrator is within its

---

[4] The parties agree that the Plan affords Genesis discretion in determining benefit eligibility, and thus the Court's review is abuse of discretion. Firestone Tire & Rubber Co. v. Bruch, 489 U.S. 101, 115, 109 S. Ct. 948, 103 L. Ed. 2d 80 (1989).

discretion as long as its "decision is supported by substantial evidence[,]" which is "more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Cooper, 592 F.3d at 652 (internal quotation marks omitted). However, when, as here, there is a substantial failure to comply with ERISA's procedural requirements, remand to the Plan administrator is "usually the appropriate remedy[,]" and the Court should refrain from granting summary judgment for the plaintiff so long as "the administrative record reflects, at minimum, a colorable claim for upholding the denial of benefits." Lafleur, 563 F.2d at 158. In the context of procedural failure, abuse of discretion is demonstrated only if "the evidence clearly shows that the administrator's actions were arbitrary and capricious, or the case is so clear cut that it would be unreasonable for the plan administrator to deny the application for benefits on any ground." Id. (quotation and citation omitted).

Genesis argues that SCHCC is not entitled to summary judgment by highlighting several phone log entries, which indicate that Genesis desired additional information from Clark before making the benefit determination of the claim filed by SCHCC. In addition, the aforementioned screen print of the letters purportedly sent to Clark indicates that there was concern over Clark's status as a beneficiary after his parents' divorce. Indeed, in certain circumstances, a divorce decree may sever the eligibility of a beneficiary under the Plan. Genesis Plan Doc. 23-24. Thus, while, as discussed above, there is no evidence of an actual decision made, the administrator may very well be within its discretion to deny the claim after an appropriate review at the administrative level. Accordingly, the Court finds that SCHCC has not demonstrated that the administrator's actions were arbitrary or capricious or that denial of benefits would be unreasonable on any ground. Therefore, abuse of discretion has not been shown and summary judgment is inappropriate.

Rather than grant summary judgment for SCHCC, the Fifth Circuit has explained that "when the administrator fails to substantially comply with the procedural requirements of ERISA[,]" the Court should usually "[r]emand to the plan administrator for a full and fair review . . . ." Id. at 157 (citations omitted). That Court has further cautioned that "[i]t is not the court's function *ab initio* to apply the correct standard to [the beneficiary's] claim." Shadler v. Anthem Life Ins. Co., 147 F.3d 388, 397 (5th Cir. 1998) (internal quotations omitted). In the absence of a decision by the administrator, the Court "should not allow [itself] to be seduced into making a decision which belongs to the plan administrator in the first instance." Id. Accordingly, having found no evidence of an administrative decision here, the Court concludes that, consistent with Fifth Circuit law, remand to the Plan administrator for a full and fair review is the appropriate course of action.

Statutory Penalty

SCHCC also urges the Court to assess a statutory award based on Genesis' failure to comply with its request for a copy of the Plan description. Under Section 104(b)(4) of ERISA, a participant or beneficiary is entitled, upon written request, to a summary description of the Plan. 29 U.S.C. § 1024(b)(4). If the administrator does not provide the description within thirty days, the Court may, within its discretion, award up to one hundred dollars per day to the participant or beneficiary. 29 U.S.C. § 1132(c)(1).

According to a statement of facts submitted by Genesis, it received a request from SCHCC for the summary description on October 1, 2012. The description was furnished to SCHCC and filed on the docket on January 31, 2014, approximately fifteen months after the initial request. There is no evidence that SCHCC received the Plan description before that time.

As the Court has noted above, the assignment of benefits executed by Clark provides SCHCC with derivative standing to pursue benefits under Section 502, even though SCHCC is not a party enumerated by statute. Tango, 322 F.3d at 890. It is not equally clear, however, that Fifth Circuit law allows a participant or beneficiary to assign its right to receive information upon request under Section 104(b)(4). See Total Sleep Diagnostics, Inc. v. United Healthcare Ins. Co., 2009 WL 152537, at *2 (E.D. La. Jan. 21, 2009) (noting that "[n]o Fifth Circuit decision . . . specifically addresses derivative standing regarding" the remedy for failure to provide information upon request, but ultimately concluding that an assignee of benefits was entitled to information pursuant to Section 104(b)). After all, a hospital pursuing benefits does not have its own independent standing under the statute. Hermann Hosp. v. MEBA Medical & Benefits Plan, 845 F.2d 1286, 1289 (5th Cir. 1988), overruled on other grounds by Access Mediquip, LLC, 698 F.3d 229. The penalty sought by SCHCC is statutorily prescribed for a failure to provide information following a request made by a *participant* or a *beneficiary*. 29 U.S.C. § 1024(b)(4).[5] SCHCC is neither.

Additionally, even assuming that SCHCC was entitled to the summary description at its own request, Section 502 does not require the Court to award a penalty, but rather affords the Court discretion to do so. Id.; Matassarin v. Lynch, 174 F.3d 549, 570 (5th Cir. 1999). The Fifth Circuit has explained that, in exercising its discretion, the Court may consider whether the party seeking the penalty has been prejudiced by the failure to provide information. Godwin v. Sun Life Assur. Co. of Canada, 980 F.2d 323, 327 (5th Cir. 1992) (citing Paris v. Profit Sharing Plan for Emps. of Howard B. Wolf, Inc., 637 F.2d 357, 362 (5th Cir. 1981)).

---

[5] Notably, the procedural obligation to provide the claimant with a benefit determination, discussed at length above, is not similarly conditioned on action taken by a participant or beneficiary, but rather upon "receipt of the claim by the plan[.]" 29 C.F.R. § 2560.503-1; see also 29 U.S.C. § 1133.

SCHCC has not argued that it suffered any degree of prejudice caused by Genesis' failure to provide the Plan description in a timely manner. SCHCC has alleged no bad faith on the part of Genesis, or any other basis on which the Court finds that a penalty is warranted. For these reasons, the Court declines to award a statutory penalty in the present case.

*Conclusion*

For the foregoing reasons, SCHCC's Motion for Summary Judgment on the Administrative Record [32] is DENIED. The case is REMANDED to the Genesis Plan Administrator for a benefit determination. A separate order to that effect shall issue this day.

SO ORDERED, this 30th day of March, 2015.

/s/ Sharion Aycock
**UNITED STATES DISTRICT JUDGE**