**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**OXFORD DIVISION**

SHELBY COUNTY
HEALTH CARE CORPORATION                                          PLAINTIFF

V.                                                    CAUSE NO. 3:13-CV-00245-SA-SAA

GENESIS FURNITURE
INDUSTRIES, INC.                                                DEFENDANT

## MEMORANDUM OPINION

In this action arising under the Employee Retirement Income Security Act ("ERISA"), Plaintiff Shelby County Health Care Corporation ("SCHCC") has filed a Motion for Summary Judgment on the Administrative Record [46]. For the following reasons, the Court finds Plaintiff's motion to be well taken.

On September 23 2010, SCHCC filed a claim with Defendant Genesis Furniture Industries, Inc., seeking compensation pursuant to Genesis' ERISA Plan under an assignment of payment provision executed by a Plan beneficiary. The Plan administrator attempted to obtain additional information about the claim by contacting the beneficiary, but never received the requested information such that SCHCC's claim was "pending for account information" for more than a year. Genesis never rendered a denial decision or disbursed payment on the claim.

SCHCC initiated suit in this Court seeking to recover benefits allegedly owed pursuant to ERISA Section 502. The Court, finding no evidence of a benefit determination, remanded to the Plan administrator for a full and fair review. Genesis has since submitted a benefit determination, admitting that SCHCC is owed $15,000 under the terms of the Plan. Thus, in the pending motion, SCHCC moves for entry of judgment as to the $15,000, plus prejudgment interest. Genesis has filed no response in opposition to the motion.

ERISA Section 502(a)(1)(B) empowers a participant, beneficiary, or appropriate assignee[1] to bring suit in federal court "to recover benefits due . . . under the terms of [the] plan." 29 U.S.C. § 1132(a)(1)(B); *Metro. Life Ins. Co. v. Glenn*, 554 U.S. 105, 108, 128 S. Ct. 2243, 171 L. Ed. 2d 299 (2008). The purpose of this civil remedy provision is to provide "a right to enforce the insurance coverage . . . contracted for." *N. Cypress Med. Ctr. Co. v. Cigna Healthcare*, 781 F.3d 182, 194 (5th Cir. 2015).

As stated above, in its formal coverage decision, Genesis admitted that SCHCC is entitled to $15,000 under the terms of the Plan. Thus, there is no dispute about the benefits due, and the Court hereby finds SCHCC is entitled to $15,000 in benefits under ERISA.

SCHCC also seeks prejudgment interest as compensation for the time that has lapsed since the claim for benefits was made. Though ERISA's express terms do not provide for an award of prejudgment interest, the Fifth Circuit has explained that the district court is vested with discretion to make such an award. *Firman v. Life Ins. Co. of N. Am.*, 684 F.3d 533, 545 n.63 (5th Cir. 2012); *Hansen v. Cont'l Ins. Co.*, 940 F.2d 971, 984 n.11 (5th Cir. 1991). Importantly, prejudgment interest does not represent a penalty; it is simply "compensation for the use of funds." *Whitfield v. Lindemann*, 853 F.2d 1298, 1306 (5th Cir. 1988).

When awarding prejudgment interest in an ERISA action, the Court should "look to state law for guidance in determining the rate of interest." *Hansen*, 940 F.2d at 983-84. Courts consulting Mississippi law have held a prejudgment rate of 8% compounding annually to be appropriate in ERISA cases. *Perez v. Bruister*, 54 F. Supp. 3d 629, 680 (S.D. Miss. 2014); *Baptist Mem'l Hosp. v. Crain Automotive*, 2:05CV166-SA, 2008 WL 4191737, at *9 (N.D. Miss.

---

[1] In the earlier decision remanding the case to the Plan administrator, the Court found that SCHCC, as a contractual assignee of benefits, possessed the requisite standing to maintain the present action. *See Tango Transport v. Healthcare Fin. Servs.*, 322 F.3d 888, 891 (5th Cir. 2003).

Sept. 9, 2008) (citing MISS. CODE ANN. § 75-17-1(1); *Exxon Corp. v. Crosby-Miss. Res.*, 40 F.3d 1474 (5th Cir. 1995)).

As SCHCC has lost the use of funds that Genesis now acknowledges have been due under the terms of the plan for over four years, the Court finds an award of prejudgment interest at the rate of 8%, compounding annually, to be appropriate.

The Motion for Summary Judgment on the Administrative Record [46] is hereby GRANTED. The Court awards SCHCC $15,000 plus 8% interest, compounding annually from the date the claim was made, September 23, 2010, until today, the date of judgment. A separate judgment shall issue.

SO ORDERED, this 22nd day of July, 2015.

**/s/  Sharion Aycock**
**UNITED STATES DISTRICT JUDGE**